UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELMER DEAN BAKER,

    Petitioner,

        v.                CAUSE NO. 3:19-CV-423-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Elmer Dean Baker, a prisoner without a lawyer, filed a habeas corpus petition to challenge his convictions for child molestation under Cause No. 17D01-607-FA-7. Following a jury trial, on February 6, 2009, the Dekalb Superior Court sentenced Mr. Baker as a habitual offender to one hundred six years of incarceration.

## PROCEDURAL DEFAULT

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); Lewis v. Sternes, 390 F.3d 1019, 1025 (7th Cir. 2004). A habeas petitioner must fully and fairly present his federal claims to the state courts. Boyko v. Parke, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." Anderson v. Brevik, 471 F.3d 811, 814–815 (7th Cir. 2006) (citing Boyko

v. Parke, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." Lewis v. Sternes, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Id. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." Id.

Mr. Baker's habeas petition presents thirty-seven claims for relief. He raises eleven claims against the trial court and one claim against the Indiana Supreme Court for its decision on direct appeal. His petition to transfer on direct appeal raised only two claims: whether the trial court erred by not requiring jury unanimity on a specific criminal incident and whether the statute allowing the prosecution greater latitude in amending the charges violated the Ex Post Facto Clause. Under Indiana law, "if an issue was known and available but not raised on direct appeal, the issue is procedurally foreclosed." Stephenson v. State, 864 N.E.2d 1022, 1028 (Ind. 2007). The claims against the trial court and the Indiana Supreme Court that weren't raised in the petition to transfer on direct appeal are procedurally defaulted. Further, the Indiana Supreme Court found that Mr. Baker waived the jury unanimity claim by not raising it at trial, so this claim is also procedurally defaulted. The Indiana Supreme Court reviewed the jury unanimity claim under the fundamental error doctrine, but such limited review

doesn't allow this court to consider the claim in this habeas case. See Carter v. Douma, 796 F.3d 726, 734 (7th Cir. 2015); Gray v. Hardy, 598 F.3d 324, 329 (7th Cir. 2010). The court will consider the remaining claim of whether the trial court violated the Ex Post Facto Clause by allowing the prosecution to amend the charges.

Mr. Baker raises fourteen claims of ineffective assistance of trial counsel. Under Indiana law, "a Sixth Amendment claim of ineffective assistance of trial counsel, if not raised on direct appeal, may be presented in postconviction proceedings." Woods v. State, 701 N.E.2d 1208, 1220 (Ind. 1998). "However, if ineffective assistance of trial counsel is raised on direct appeal by a Davis petition or otherwise, the issue will be foreclosed from collateral review." Id. (referring to mechanism to expedite review of post-conviction claims set forth in Davis v. State, 368 N.E.2d 1149 (Ind. 1977)). Mr. Baker raised four claims of ineffective assistance of trial counsel on direct appeal, asserting that trial counsel erred by entering into a stipulation on uncharged crimes, by not objecting to the instruction on the elements of child molestation, by not requesting an instruction on unanimity, and by not presenting an expert witness. He didn't present of these claims in his petition to transfer to the Indiana Supreme Court, so the ineffective assistance claims raised on direct appeal are procedurally defaulted. Further, due to Indiana's all-or-nothing approach on the presentation of ineffective assistance of trial counsel claims, the ineffective assistance of trial counsel claims that weren't raised on direct appeal are also procedurally defaulted.

3

Mr. Baker raises eleven claims of ineffective assistance of appellate counsel. In the petition to transfer to the Indiana Supreme Court on post-conviction review, Mr. Baker didn't assert that appellate counsel rendered ineffective assistance by asserting ineffective assistance of trial counsel claims on direct appeal or that she mishandled any arguments presented to the Court of Appeals of Indiana. Mr. Baker maintains that he presented these claims to the Indiana Supreme Court by incorporating by reference his brief to the Court of Appeals of Indiana, but Indiana law doesn't let parties to present arguments that way. Bigler v. State, 732 N.E.2d 191, 197 (Ind. App. 2000) ("[A] party may not present an argument entirely by incorporating by reference from a source outside the appellate briefs."). Mr. Baker also says that appellate counsel didn't properly present the jury unanimity claim to the Indiana Supreme Court, but Mr. Baker didn't have a right to counsel at that stage of the proceedings. See Resendez v. Smith, 692 F.3d 623, 626 (7th Cir. 2012) ("A criminal defendant enjoys a right to counsel through his first appeal of right but once the direct appeal has been decided, the right to counsel no longer applies."). For these reasons, Mr. Baker can't proceed on these ineffective of assistance of appellate counsel claims.

Mr. Baker fairly presented claims that he received ineffective assistance of appellate counsel based on these issues: (1) trial counsel should have objected to a juror who had a disqualifying relationship with the prosecuting attorney's husband; (2) trial counsel should have objected to the addition of a third count of child molestation in the amended information because it violated the statute of limitations; (3) the trial court allowed trial counsel to waive his right to a jury

4

trial on the habitual offender enhancement in violation of Indiana's personal waiver requirement; (4) the trial court sentenced him in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (5) the prosecution improperly vouched for the victim's credibility and relied on vouching testimony; (6) trial counsel should have objected to juror bias as a result of pretrial publicity; and (7) the trial court should not have allowed the stipulation of evidence.

In consideration of Mr. Baker's pro se status, the court construes the ineffective assistance of appellate counsel claims as an assertion of cause-and-prejudice for the underlying claims of trial error and deficient performance by trial counsel. A habeas petitioner can overcome a procedural default by showing both cause for not abiding by state procedural rules and a resulting prejudice from that failure. Wainwright v. Sykes, 433 U.S. 72, 90 (1977); Wrinkles v. Buss, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" that prevented a petitioner from pursuing his constitutional claim in state court. Murray v. Carrier, 477 U.S. 478, 492 (1986). "Meritorious claims of ineffective assistance can excuse a procedural default." Richardson v. Lemke, 745 F.3d 258, 272 (7th Cir. 2014). "But those claims must themselves be preserved; in order to use the independent constitutional claims of ineffective assistance of trial and appellate counsel as cause to excuse a procedural default, a petitioner is required to raise the claims through one full round of state court review, or face procedural default of those claims as well." Id. As detailed above, Mr. Baker fairly presented seven claims of ineffective assistance of appellate counsel. Therefore, the court will

5

consider whether appellate counsel error on those seven claims excuses procedural default on the underlying claims involving the trial court and trial counsel.

## LEGAL STANDARD

"Federal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." Woods v. Donald, 135 S.Ct. 1372, 1376 (2015) (quotations and citation omitted).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> [This] standard is intentionally difficult to meet. We have explained that clearly established Federal law for purposes of §2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions. And an unreasonable application of those holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Woods v. Donald, 135 S. Ct. at 1376 (quotation marks and citations omitted). Criminal defendants are entitled to a fair trial but not a perfect one. Rose v.

Clark, 478 U.S. 570, 579 (1986). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be objectively unreasonable. Wiggins v. Smith, 539 U.S. 510, 520 (2003). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quotation marks omitted). "[I[n the cause-and-prejudice context, we apply the same deferential standard as we would when reviewing the claim on its own merits." Richardson v. Lemke, 745 F.3d 258, 273 (7th Cir. 2014).

## ANALYSIS

### Ex Post Facto Clause

Mr. Baker argues that he is entitled to habeas relief because the trial court violated the Ex Post Facto Clause by allowing the prosecution to amend the charges. "The ex post facto prohibition forbids the Congress and the States to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) ("[T[wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." Id. at 29. "The critical question is whether the law changes the legal consequences of acts completed before its effective date." Id. at 31.

In July 2006, the prosecution charged Mr. Baker with two counts of child molestation and a habitual offender enhancement accusing him of misconduct with two minor children in June or July 2003. The omnibus date was in December 2006. In June 2007, a jury trial on those charges resulted in a mistrial. Shortly after the trial, the trial court allowed the prosecution to amend the existing charges by expanding the timeframe to October 2000 to August 2003 for each of the two counts and to add a third count of child molestation involving another minor in 2002. In August 2008, a second jury convicted Mr. Baker.

At the time of the crimes, the relevant statute required the prosecution to notify a criminal defendant of substantive amendments at least thirty days before the omnibus date. Ind. Code § 35-34-1-5(b)(1) (2003). That limitation didn't apply to amendments to cure immaterial defects, including "the failure to state the time of place at which the offense was committed where the time or place is not of the essence of the offense." Ind. Code § 35-34-1-5(a) (2003). This statute was amended effective May 8, 2007, to allow amendments at any time before trial "if the amendment [did] not prejudice the substantial rights of the defendant." Ind. Code § 35-34-1-5(b)(2) (2008).

On direct appeal, the Court of Appeals of Indiana rejected Mr. Baker's claim of error on the basis that it had previously held that the revised statute didn't violate the Ex Post Facto Clause in Ramon v. State, 888 N.E.2d 244 (Ind. App. 2008). In Ramon, the appellate court reasoned that the revised statute "creates no new crimes, does not change the elements of any crime, and does not alter the sentencing statutes." Ramon v. State, 888 N.E.2d at 252. The

appellate court also found that even the previous version of the statute would have allowed the expansion of the timeframes for the first two counts of child molestation. It reasoned that time wasn't of the essence in such cases given the inability of children to remember specific dates.

After reviewing the state court record, the court cannot find that the state court made an unreasonable determination with respect to the Ex Post Facto Claim. The relevant statute would have allowed the prosecution to amend the first two counts of child molestation by expanding the timeframe even before the effective date of the revisions. At all relevant times, the statute allowed the prosecution to amend the information to correct "the failure to state the time or place at which the offense was committed where the time or place is not of the essence of the offense." Ind. Code. § 35-34-1-5 (a)(7). In other words, the change in the law had no effect on these amendments, and so couldn't have violated the Ex Post Facto Clause.

The addition of third count of child molestation is a different matter. As the state court noted, the revised statute didn't criminalize previously legal behavior or increase the severity of the sentence for child molestation. But the reasoning can't stop there, because the same line of reasoning could apply to the statute challenged in Stogner v. California, 539 U.S. 607 (2003), which Mr. Baker cited in his appellate brief. In that case, the Supreme Court of the United States considered a statute that allowed prosecuting attorneys to pursue certain criminal charges after the limitations period for those charges had expired. The Supreme Court found that this statute violated the Ex Post Facto Clause for

9

criminal defendants whose limitations period had expired before its effective date. Stogner v. California, 539 U.S. at 609. It likened the expiration of a limitations period to a form of amnesty and reasoned that the new statute imposed punishment for conduct that was, in essence, immunized from punishment by the passage of time. Id. at 611-615.

Nevertheless, the deadline for substantive amendments to criminal charges isn't equivalent to a statutory limitations period. Before the statutory revision, the amendment deadline was tied to the omnibus date, which, under Indiana law, broadly serves as a point of reference for scheduling in criminal proceedings. Ind. Code Ann. § 35-36-8-1(b). The trial court's discretion to modify the omnibus date is and was relatively constrained, particularly given the wide latitude typically afforded to trial courts for setting deadlines. According to Ind. Code § 35-36-8-1(d), "[o]nce the omnibus date is set, it remains the omnibus date for the case until final disposition," unless certain circumstances apply, including the substitution of trial counsel, the prosecution's failure to comply with a discovery deadline, or the agreement of the parties. But these circumstances, though limited in number, don't arise infrequently and suggest that extensions of omnibus dates are common enough occurrences. In sum, the amendment deadline's relationship to the omnibus date indicates that the amendment deadline isn't meant to afford criminal actors the degree of amnesty afforded by a statutory limitations period.

Expiration of the amendment deadline does not make a criminal act unpunishable, so an extension of an expired amendment deadline, through

10

statutory revision or otherwise, doesn't violate the Ex Post Facto Clause. Mr. Baker's claim that the amendment of the charges violated his rights under the Ex Post Facto Clause is not a basis for habeas relief.

### Ineffective Assistance of Appellate Counsel

Mr. Baker asserts that he is entitled to habeas relief because he received ineffective assistance of appellate counsel. He also asserts that he is entitled to habeas relief due to trial error and ineffective assistance of trial counsel, but these claims are procedurally barred. As a result, the court can't grant habeas relief based on these claims unless Mr. Baker demonstrates that the procedural bar was caused by ineffective assistance of appellate counsel.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668 (1984). The test for prejudice is whether there was a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability "sufficient to undermine confidence in the outcome." Id. at 693. In assessing prejudice under Strickland, "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011). "On habeas review, [the] inquiry is now whether the state court unreasonably applied Strickland." McNary v. Lemke, 708 F.3d 905, 914 (7th Cir. 2013). "Given this high standard, even 'egregious' failures of counsel do not always warrant relief." Id.

11

Mr. Baker argues that appellate counsel erred by declining to argue that the publicity caused by local newspaper articles deprived him of the right to an impartial jury. Trial counsel didn't object on this basis, so appellate counsel could present this claim only as an ineffective assistance of trial counsel claim, which would have required a showing of prejudice, or to argue that it resulted in fundamental error. See Baumholser v. State, 62 N.E.3d 411, 414 (Ind. App. 2016) ("Failure to object at trial waives the issue on review unless fundamental error occurred."). Under Indiana law, "[f]undamental error is an extremely narrow exception that applies only when the error amounts to a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." Id. The appellate court rejected this claim on post-conviction review because Mr. Baker didn't show that the newspaper articles prejudiced him. He didn't provide any evidence that the jurors were aware of the newspaper articles or that the pretrial publicity had any effect on the verdict. Given the lack of evidentiary support for this claim, the court can't find that this determination was unreasonable.

Mr. Baker argues that appellate counsel erred by declining to argue that trial counsel should have moved for a mistrial after a juror's conversation with the prosecuting attorney's spouse. Under Indiana law, "[d]efendants seeking a mistrial for suspected jury taint are entitled to the presumption of prejudice only after making two showings, by a preponderance of the evidence: (1) extra-judicial contact or communications between jurors and unauthorized persons occurred, and (2) the contact or communications pertained to the matter before the jury."

12

Ramirez v. State, 7 N.E.3d 933, 939 (Ind. 2014). At trial, the prosecuting attorney told the court that, at a fast food restaurant, a juror asked her spouse whether he planned to play on a soccer team and that he replied that he would if he asked. The prosecuting attorney represented that her spouse and the juror didn't discuss the case. Id. The appellate court rejected this claim on post-conviction review for lack of deficient performance, reasoning that since this communication didn't relate to Mr. Baker's trial, trial counsel had no basis for requesting a mistrial. Mr. Baker didn't show that the lack of an objection caused him prejudice, so this determination was not unreasonable.

Mr. Baker argues that his appellate counsel erred by declining to argue that trial counsel should have objected to the third count of child molestation in the amended information for untimeliness. The applicable limitations period is five years. Ind. Code § 35-41-4-2(a)(1). The prosecution added the third count on June 18, 2007, asserting that, "in or about 2002," Mr. Baker "did perform or submit to fondling or touching with A.H." Direct Appeal App. 80. At trial, the three victims described an event in which Mr. Baker molested each of them. J.A. testified that Mr. Baker began molesting her around the time of another trial that occurred in October 2002. A.H. testified that all of the molestation incidents involving Mr. Baker occurred within the year preceding her August 2003 police report. On the basis of this testimony, the appellate court found that Mr. Baker didn't suffer prejudice as a result of trial counsel's decision not to object on the basis of timeliness. The court can't find that this determination was unreasonable. As detailed above, the record reflects that the prosecution had

13

evidence to support a timely count of child molestation with respect to A.H. Had objected to the amended information on the basis of timeliness, it seems more likely that such an objection would have resulted in another amendment rather than the prosecution discontinuing their pursuit of it.

Mr. Baker argues that appellate counsel erred by declining to argue that Mr. Baker didn't knowingly, voluntarily, and intelligently waive his right to a jury trial on the habitual offender enhancement. He maintains that a criminal defendant can waive the right to a jury trial only bu=y personally communicating it to the trial court, citing Horton v. State, 51 N.E.3d 1154 (Ind. 2016). The appellate court rejected this claim on post-conviction review, reasoning that Horton hadn't been decided during trial proceedings and that it was unclear whether its holding applied to habitual offender enhancements.

This court further adds that, in her appellate briefs, appellate counsel focused on her arguments on jury unanimity, which resulted in the Indiana Supreme Court agreeing to require more specific jury instructions in certain circumstances, and on the Ex Post Facto Clause, a substantial, if ultimately unsuccessful, constitutional argument as detailed above. Success on these arguments would have resulted in a new trial or dismissal for all charges. By contrast, the argument on personal waiver would have entitled Mr. Baker to a new trial only on the habitual offender enhancement. Prior convictions, which are a matter of public record, are difficult to contest, and Mr. Baker offers no basis to suggest a jury would not have found him to be a habitual offender. Given the substantial issues raised on direct appeal and the limited relief afforded by

a successful personal waiver argument, the court can't find that the State court's determination that appellate counsel did not perform deficiently was unreasonable.

Mr. Baker argues that appellate counsel erred by declining to argue that his sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme Court of the United States held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. The appellate court correctly determined that Apprendi didn't apply to Mr. Baker's sentence. Apprendi, by its own terms, doesn't apply to prior convictions and so didn't apply to the habitual offender enhancement. The trial court found other aggravating factors without the assistance of a jury, but didn't impose a sentence beyond the prescribed statutory maximum. See Ind. Code Ann. § 35-50-2-4 (2005) (fifty years for Class A felony); Ind. Code Ann. § 35-50-2-6 (2005) (eight years Class C felony); Ind. Code Ann. § 35-50-2-8 (2005) (thirty years for habitual offender enhancement).

Mr. Baker argues that appellate counsel erred by declining to argue that the prosecution improperly introduced vouching testimony and improperly vouched for the victims during closing arguments. In his appellate brief, Mr. Baker referenced the testimony of a caseworker who explained her role in the case and the investigatory process for her agency. wrote in her report that the victim's mothers believed the accusations and that she would not have submitted the case to the prosecutor's office if she and her supervisor didn't agree that it

15

had merit. He referenced the testimony of the victim's family members that they believed the victims. He also referenced the testimony of a physician that she performed certain medical procedures on a victim because she suspected sexual abuse. According to Mr. Baker, at closing, the prosecution implied that the caseworker, the detective, and the prosecution believed the victims by observing that these individuals didn't abandon the case and directed the jury to review the exhibits, which included the caseworker's reports. The prosecution also made references to the victims' testimony, including that they had cried and that they had taken an oath "to tell the truth as they remembered it today."

The appellate court found that the prosecution didn't improperly vouch or elicit sympathy for the victims but instead fairly commented on the trial evidence. Under Indiana law, "a prosecutor may not state his or her personal opinion regarding the credibility of a witness during trial," but "a prosecutor may comment as to witness credibility if the assertions are based on reasons arising from the evidence presented in the trial." Thomas v. State, 965 N.E.2d 70, 77 (Ind. App. 2012). After reviewing the prosecution's closing argument, the court doesn't find that the state court's determination on this issue was unreasonable. The prosecution referenced and made observations about witness testimony but stopped short of expressing a personal opinion on the credibility of the victims.

The bulk of the testimony cited by Mr. Baker is not attributable to the prosecution but was instead elicited on cross-examination by trial counsel. This testimony doesn't support the claim of prosecutorial misconduct.

Additionally, under Indiana law, "to properly preserve a claim of prosecutorial misconduct for appeal, a defendant must not only raise a contemporaneous objection but must also request an admonishment; if the admonishment is not given or is insufficient to cure the error, then the defendant must request a mistrial." Neville v. State, 976 N.E.2d 1252, 1258 (Ind. App. 2012). In other words, this is another claim that appellate counsel could have presented only as an ineffective assistance of trial counsel claim, which would have required a showing of prejudice, or to argue that it resulted in fundamental error. Given that appellate counsel would have faced the more difficult task of demonstrating prejudice and given her focus on other, more substantial claims, the claim of prosecutorial misconduct is not a basis for habeas relief.

Mr. Baker argues that appellate counsel should have argued that the trial court abused its discretion by allowing the parties to stipulate on the admissibility of evidence. On May 14, 2008, the parties stipulated to the following:

> 1. Evidence regarding all allegations of sexual activity between the victims and the defendant is admissible, including but not limited to when those activities began.
>
> 2. Evidence regarding the opportunities for the victims to complain about that alleged sexual activity, including but not limited to the Loren Wilkins investigation, is admissible.

Direct Appeal App. 229.

The appellate court held on post-conviction review that the trial court didn't abuse its discretion by accepting a stipulation with the consent of both parties. Review of the pretrial motions indicates that trial counsel's decision to

17

stipulate was a reasonable strategic decision. The prosecution sought to exclude evidence of the victims' past sexual activity, including their involvement as victims of child molestation by another individual, while trial counsel sought to use such evidence as part of the defense. Direct Appeal App. 161-63, 194-97. By entering into the stipulation, trial counsel obtained a benefit for Mr. Baker, and the trial court might have allowed evidence of prior sexual activity between the victims and Mr. Baker without the stipulation. See Beasley v. State, 452 N.E.2d 982, 984 (Ind. 1983) ("The general rule is that evidence of criminal activity other than that which is charged is inadmissible on the question of guilt; however, such evidence may be admitted if it is relevant to show intent, motive, purpose, identification or common scheme or plan."). Therefore, this claim is not a basis for habeas relief.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons explained in this opinion for denying habeas corpus relief, there is no basis for encouraging Mr. Baker to proceed further.

For these reasons, the court DENIES the habeas corpus petition (ECF 1), DENIES the certificate of appealability, and DIRECTS the clerk to enter judgment in favor of the Respondent and against the Petitioner.

SO ORDERED on March 22, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
